UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

EMMANUEL FREUDENTHAL,

*Plaintiff*,

v.

U.S. DEPARTMENT OF DEFENSE *et al.*,

*Defendants*.

Civil Action No. 22-1811 (TJK)

---

## **ANSWER**

Defendants U.S. Department of Defense and U.S. Africa Command, by and through the undersigned counsel, respond as follows to the separately numbered paragraphs and prayer for relief in Plaintiff Emmanuel Freudenthal's Complaint, ECF No. 1, in this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff, (b) relevant to this, or any other, action, or (c) admissible in this, or any other, action. For ease of reference, this Answer replicates the headings contained in the Complaint. Although Defendants believe such headings require no response, to the extent a response is deemed required and those headings and titles could be construed to contain factual allegations, those allegations are denied.

1.      This paragraph and accompanying footnote consist of Plaintiff's characterization of this action and an excerpt of FOIA, which require no response.

## JURISDICTION AND VENUE

2.      This paragraph consists of legal conclusions, which require no response.

3.      This paragraph consists of legal conclusions, which require no response.

4.      This paragraph consists of legal conclusions, which require no response.

## PARTIES

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.      Defendants admit that the U.S. Department of Defense is a department within the Executive Branch, and deny that it is headquartered in Washington, DC. The remainder of this paragraph consists of legal conclusions, which require no response.

7.      Defendants admit that U.S. Africa Command is a component of the U.S. Department of Defense and that the U.S. Department of Defense is a department within the Executive Branch, and deny that Defendants are headquartered in Washington, DC. The remainder of this paragraph consists of legal conclusions, which require no response.

## STATEMENT OF FACTS

### *Background*

8.      This paragraph consists of Plaintiff's characterization of the contents of a U.S. Department of State webpage and certain other unspecified published reports, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

9.      This paragraph consists of Plaintiff's characterization and an excerpt of a report by the organization Amnesty International, which is the best evidence of its contents, and to which

Defendants respectfully refer the Court for a complete and accurate statement of its contents, and Defendants deny any inconsistency therewith.

10.     This paragraph consists of Plaintiff's characterization of the contents of a U.S. Department of State webpage, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents, and Defendants deny any inconsistency therewith.

11.     The first sentence of this paragraph and corresponding citation consist of Plaintiff's characterization of the contents of, and quotation from, a CNN article, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents, and Defendants deny any inconsistency therewith. Defendants deny the remainder of this paragraph.

12.     This paragraph and accompanying footnotes, except for footnote 7, consist of Plaintiff's characterization of his purpose in making those FOIA requests, which requires no response, as well as Plaintiff's characterization of two FOIA requests that he submitted, as well as excerpts of the website MuckRock and 32 C.F.R. § 286.9(b), which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith. Defendants deny the first sentence of footnote 7. The second sentence of footnote 7 consists of Plaintiff's characterization of his complaint, which requires no response.

*Freudenthal's July 16, 2018 FOIA Request:*
*USA support to Cameroon military (U.S. Africa Command)*

13.     This paragraph and accompanying footnote consist of legal conclusions, which require no response, and of Plaintiff's characterization of a FOIA request that he submitted and an excerpt of 5 U.S.C. § 552(a)(6)(A)(i), which are the best evidence of their contents, and to which

Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

14.     The first sentence of this paragraph consists of Plaintiff's characterization of correspondence that he sent U.S. Africa Command, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents, and Defendants deny any inconsistency therewith. Defendants admit that U.S. Africa Command did not respond to the communications that Plaintiff identified in the second sentence of this paragraph.

15.     This paragraph consists of Plaintiff's characterization and excerpts of communications between him and U.S. Africa Command, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

16.     Admit.

*Freudenthal's August 2, 2018 FOIA Request:*
*U.S. Africa Command FOIA Request 2018-132*

17.     This paragraph consists of legal conclusions, which require no response, and of Plaintiff's characterization of a FOIA request that he submitted, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents, and Defendants deny any inconsistency therewith.

18.     This paragraph consists of Plaintiff's characterization of correspondence that U.S. Africa Command sent him, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents, and Defendants deny any inconsistency therewith.

19.     This paragraph consists of Plaintiff's characterization and an excerpt of correspondence that he sent U.S. Africa Command, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents, and Defendants deny any inconsistency therewith.

20.     This paragraph, except for the final sentence, consists of Plaintiff's characterization of correspondence that U.S. Africa Command sent him, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents, and Defendants deny any inconsistency therewith. As to the final sentence, Defendants admit that the referenced report is unavailable online.

21.     This paragraph consists of Plaintiff's characterization of communications between him and U.S. Africa Command, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

22.     This paragraph consists of Plaintiff's characterization of communications between him and U.S. Africa Command, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

23.     This paragraph consists of Plaintiff's characterization of communications between him and U.S. Africa Command, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

24.     This paragraph consists of Plaintiff's characterization of communications between him and U.S. Africa Command, which are the best evidence of their contents, and to which

Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

25.     This paragraph consists of Plaintiff's characterization of communications between him and U.S. Africa Command, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

26.     This paragraph consists of Plaintiff's characterization of communications between him and U.S. Africa Command, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

27.     This paragraph consists of Plaintiff's characterization of communications between him and U.S. Africa Command, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

28.     The first sentence of this paragraph consists of Plaintiff's characterization of correspondence that he sent U.S. Africa Command, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents, and Defendants deny any inconsistency therewith. As to the second sentence, Defendants admit that U.S. Africa Command did not respond to the referenced correspondence.

29.     Admit.

*Administrative Appeals to AFRICOM of Both Requests*

30.     This paragraph and accompanying footnote consist of Plaintiff's characterization of communications between him and U.S. Africa Command and excerpts of 32 C.F.R. § 286.11(a)

and 5 U.S.C. § 552(a)(6)(A)(i), which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

31.     This paragraph consists of an excerpt of Plaintiff's appeal as to his July 16, 2018 FOIA request, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents, and Defendants deny any inconsistency therewith.

32.     Defendants admit that they did not respond to Plaintiff's appeal as to his July 16, 2018 FOIA request.

33.     This paragraph consists of an excerpt of Plaintiff's appeal as to his August 2, 2018 FOIA request and a reference to a separate letter that he sent U.S. Africa Command, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

34.     Defendants admit that they never responded to Plaintiff's appeal as to his August 2, 2018 FOIA request or the referenced letter. The remainder of this paragraph consists of Plaintiff's characterization of communications between him and U.S. Africa Command, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith.

*Additional Efforts by Freudenthal*

35.     This paragraph, except for the final sentence, consists of Plaintiff's characterization of communications between him and U.S. Africa Command and of a U.S. Africa Command website, which are the best evidence of their contents, and to which Defendants respectfully refer

the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith. As to the final sentence, Defendants admit that U.S. Africa Command did not respond to the referenced correspondence.

36.     The first sentence of this paragraph consists of Plaintiff's characterization of correspondence that he sent the Office of the Secretary of Defense, which is the best evidence of its contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of its contents, and Defendants deny any inconsistency therewith. As to the second sentence, Defendants admit that the Office of the Secretary of Defense did not respond to the referenced correspondence. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the third sentence of this paragraph.

37.     This paragraph, except for the final sentence, consists of legal conclusions and Plaintiff's characterization of knowledge that he purportedly obtained, which require no response, and of Plaintiff's characterization of communications between him and certain persons within the U.S. Department of Defense, which are the best evidence of their contents, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents, and Defendants deny any inconsistency therewith. As to the final sentence, Defendants admit that the referenced persons did not respond to the referenced correspondence.

38.     Defendants admit the allegations in the first sentence of this paragraph. The second sentence consists of legal conclusions, which require no response.

39.     This paragraph and accompanying footnote consist of legal conclusions and an excerpt of 5 U.S.C. § 552(a)(6)(C), which require no response.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

40.     Defendants reallege and incorporate their responses to Paragraphs 1 through 39 as if set forth fully herein.

41.     This paragraph consists of legal conclusions, which require no response.

42.     This paragraph consists of legal conclusions, which require no response.

43.     This paragraph consists of legal conclusions, which require no response.

44.     This paragraph consists of legal conclusions, which require no response.

45.     This paragraph consists of legal conclusions, which require no response.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

46.     Defendants reallege and incorporate their responses to Paragraphs 1 through 45 as if set forth fully herein.

47.     This paragraph consists of legal conclusions, which require no response.

48.     This paragraph consists of legal conclusions, which require no response.

49.     This paragraph consists of legal conclusions, which require no response.

50.     This paragraph consists of legal conclusions, which require no response.

51.     This paragraph consists of legal conclusions, which require no response.

52.     This paragraph consists of legal conclusions, which require no response.

**REQUESTED RELIEF**

This paragraph and the numbered sub-paragraphs consist of Plaintiff's prayer for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

* * *

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

<u>First Defense</u>

Plaintiff's FOIA requests failed to reasonably describe the records sought.

<u>Second Defense</u>

Defendants conducted an adequate search for records responsive to Plaintiff's FOIA request.

<u>Third Defense</u>

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions the release of which foreseeably would harm an interest that the exemption protects, or which are protected from disclosure by one or more applicable FOIA exclusions.

<u>Fourth Defense</u>

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

* * *

Dated: September 8, 2022

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

/s/ Bradley G. Silverman
BRADLEY G. SILVERMAN
Assistant United States Attorney
DC Bar #1531664
601 D Street NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

*Counsel for Defendants*